UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RONALD E. GUNDERSON Jr., <br><br> Petitioner, <br><br> v. <br><br> ELEANOR VERNELL, <br><br> Respondent. | CASE NO.  C10-5514BHS/JRC <br><br> REPORT AND RECOMMENDATION <br><br> Noted for March 25, 2011 |

      This Habeas Corpus petition filed pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and Local Magistrate Judges Rule MJR3 and MJR4.

      This petition is unexhausted and should be dismissed without prejudice.  Petitioner has until June 2, 2011, to file a new petition.

      Petitioner is challenging a Pierce County conviction by jury for one count of first degree theft.  He was sentenced to 57 months on April 18, 2008 (ECF No. 16, Exhibit 1).

REPORT AND
RECOMMENDATION - 1

## FACTS

The Washington Court of Appeals summarized the facts that are germane to this petition as follows:

> Pierce County Sheriff's Deputies Lincoln Hales and David Plummer responded to a 911 call of burglary in progress just before 4:00 a.m. on July 6, 2007. The call was from Peter Wooding, who met the officers when they arrived. Wooding directed their attention to his neighbor's vacant house. The house had a "for sale" sign in front of it. The officers could see the moonlit silhouette of a person, later identified as Ronald Gunderson, on the beach in front of the house. He was standing at the stern end of a boat in the low tide mud some 50 to 75 yards away. They could hear a metallic clanging sound. It appeared that Gunderson was doing something with the outboard motor.
>
> The officers moved to surround Gunderson so as to prevent him from fleeing. As they closed in, they could see that he was unfastening the motor mount bolts. The officers announced their presence and told Gunderson not to move. He dropped the wrench and was taken into custody. They searched him and located another wrench and screwdriver in his pocket and a flashlight on his belt. After searching Gunderson, Deputy Hales read him his rights.
>
> Gunderson said he understood his rights and he agreed to speak with the deputy. He said he was working on the boat for a friend and fixing the motor. Asked why he was working on a complex piece of machinery in the dark, Gunderson said the motor had overheated and needed to be fixed right away. The officers noted that the motor was cool to the touch. Gunderson could not remember the name of his friend nor did he know what type of motor he was working on. Confronted with the difficulties of his story, Gunderson changed it and said that he had been digging for clams and that the boat died. The officers could see no evidence of clamming equipment or activity.
>
> The officers found the registration for the boat and learned it belonged to a Jeff Rankin. They contacted Rankin and learned the boat had been stolen from his dock sometime during the night. They also found an inflatable dinghy 50 yards up the beach.
>
> The State charged Gunderson with first degree theft of the boat and motor and second degree theft of the dinghy. After a two day trial, a jury convicted Gunderson on the count of first degree theft.

(ECF No. 16, Exhibit 5). He was sentenced to 57 months on April 18, 2008 (ECF No. 16, Exhibit 1).

## PROCEDURAL HISTORY

Petitioner filed an appeal in the Washington State Court of Appeals raising the following issues:

1. Did the trial court err in failing to suppress evidence seized from Gunderson in a search incident to arrest where the arrest was unlawful?

2. Did the trial court err in failing to suppress statements which occurred directly after an illegal arrest and in the same place, without any intervening circumstances to distance the statements from the arrest, where the purpose of the arrest was to conduct further investigation into whether a crime had occurred?

3. Is reversal and dismissal required in this case where the conviction depended upon the improper evidence, there was not overwhelming untainted evidence to otherwise support it and a reasonable jury could easily have acquitted absent the evidence?

(ECF No. 16, Exhibit 3, pages 2-3).

The Washington State Court of Appeals affirmed the conviction and sentence (ECF No. 16, Exhibit 5). The petitioner filed a motion for discretionary review in the Washington State Supreme Court that raises the following issues:

(1) Should review be granted under RAP 13.4 (b)(1) to address the conflict between the holding in this case and this Court's holdings in *Tollett* and *Mace*? (Whether proof of possession of stolen property is not sufficient to support a conviction for theft of that property)

(2) Should review be granted under RAP 13.4 (b)(3) because Division One's decision depends upon drawing a negative inference from Gunderson's exercise of his right not to testify and improperly shifted a burden to Gunderson to disprove that he had committed theft instead of requiring the state to have provided sufficient proof to establish Gunderson's guilt?

(3) Because *Mace* explicitly rejects this kind of reliance on the defendant's decision not to testify, should review be granted under RAP 13.4 (b)(1) to address the conflict with that case?

(ECF No. 16, Exhibit 6). The Washington State Supreme Court denied review on June 2, 2010 (ECF No. 16, Exhibit 7).

In the Habeas Corpus petition now before the court petitioner argues:

REPORT AND
RECOMMENDATION - 3

1  The trial court did not grant me a suppression hearing when asked to by counsel?
2  Probable cause was lacking for an arrest/the court of opinion [sic] stated this?

(ECF No. 7, pages 5-6).

## DISCUSSION

A.   *Exhaustion*.

A state prisoner seeking habeas corpus relief in federal court must exhaust available state relief prior to filing his petition in federal court. A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. Duncan v. Henry, 513 U.S. 364 (1995). In order to bring a ground for relief to this court pursuant to a petition for habeas corpus, petitioner must have first exhausted the claim at every level of appeal in the state courts. Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all the facts necessary to support the federal claim were before the state courts. Id. *citing* Picard v. Connor, 404 U.S. 270 (1971) *and* Anderson v. Harless, 459 U.S. 4 (1982). The petitioner must present the claims to the state's highest court, even when such review is discretionary. O'Sullivan v. Boerckle, 526 U.S. 838, 845(1999); Larche v. Simons, 53 F.3d 1068, 1071-72 (9th Cir. 1995).

Here, the claims that petitioner brings to this court are not the same claims that he raised at each level of review in state court.  The state courts have not ruled on any of these issues.  Therefore, no claim has been exhausted.  Petitioner has one year from the date that his criminal conviction becomes final to seek collateral review of that conviction in state court.  See RCW 10.73.090.  The criminal conviction became final when the Washington State Supreme Court denied review on June 2, 2010.  Petitioner has until June 2, 2011 to seek collateral review.  Accordingly this petition should be DISMISSED WITHOUT PREJUDICE.

REPORT AND
RECOMMENDATION - 4

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c) (3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

## **CONCLUSION**

This petition is unexhausted. This petition should be DISMISSED WITHOUT PREJUDICE. Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. See 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on March 25, 2011, as noted in the caption.

Dated this 2nd day of March, 2011.

/s/ J. Richard Creatura

J. Richard Creatura
United States Magistrate Judge

REPORT AND
RECOMMENDATION - 5